1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

JESUS D. MONTANO,

9

Plaintiff,

10

v.

11

CAROLYN W. COLVIN, Commissioner of
Social Security,

12

Defendant.

13

Case No. C14-673-JCC-BAT

**REPORT AND
RECOMMENDATION**

14

     Jesus D. Montano seeks review of the denial of his application for Supplemental Security

15

Income benefits.  He contends the ALJ erred by failing to properly consider the medical opinion

16

of Dr. Wayne Dees, Psy.D.[1]  Dkt. 14.  As discussed below, the Court recommends the case be

17

**REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g), for further

18

administrative proceedings.

19

**BACKGROUND**

20

     Mr. Montano is currently 36 years old, has a ninth grade education, and has worked as a

21

telephone solicitor and cashier.  Tr. 35, 59-60.  On June 28, 2011, he applied for benefits.  Tr. 11.

22

He has since amended his alleged onset date of disability to June 19, 2011.  *Id.*  His application

23

[1] Mr. Montano's opening brief included an additional argument relating to step five of the five-step disability evaluation process; however, that argument has since been withdrawn.  Dkt. 16.

was denied initially and on reconsideration.  *Id.*  The ALJ conducted a hearing on October 24,

2012, finding Mr. Montano not disabled.  Tr. 11-23.  As the Appeals Council denied Mr.

Montano's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1-4.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found Mr. Montano had not

engaged in substantial gainful activity since the amended onset date; he had severe impairments

of obesity, cervical and lumbar degenerative disc disease, schizophrenia, schizoaffective

disorder, major depressive disorder, a personality disorder, and poly-substance abuse; and these

impairments did not meet or equal the requirements of a listed impairment.[3]  Tr. 13-14.  The ALJ

found Mr. Montano had the residual functional capacity to perform medium work; however, he

could climb ramps and stairs without limitation; he could occasionally climb ladders, ropes, and

scaffolds; he could balance without limitation; and he could frequently stoop, kneel, crouch, and

crawl.  Tr. 15.  He should avoid concentrated exposure to vibration, fumes, odors, dusts, gases,

and hazards.  *Id.*  He could understand, remember, and carry out unskilled work that is routine

and repetitive.  *Id.*  He could work in two-hour intervals before requiring a 15 minute break to

refocus.  *Id.*  Mr. Montano could have occasional and superficial contact with the general public

and coworkers, and occasional contact with a supervisor.  *Id.*  He could adapt to a stable,

predictable workplace setting with only occasional changes.  *Id.*  The ALJ found Mr. Montano

unable to perform his past work, but he could perform jobs that exist in significant numbers in

the national economy.  Tr. 21, 22.  The ALJ therefore concluded Mr. Montano was not disabled.

Tr. 23.

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

**DISCUSSION**

Mr. Montano challenges the ALJ's treatment of the medical opinion of Dr. Wayne Dees, Psy.D.  He argues the Court should remand this case for further proceedings because the ALJ failed to provide specific and legitimate reasons based on substantial evidence for rejecting the doctor's opinions.  Dkt. 14 at 7.  The Commissioner contends the Court should affirm the ALJ's decision because it is supported by substantial evidence and free of legal error.  Dkt. 15 at 2.  The Court finds that, under either standard, the ALJ erred in rejecting Dr. Dees's medical opinion.

In October 2011, Dr. Dees conducted a psychological diagnostic evaluation of Mr. Montano, finding he met diagnostic criteria for paranoid schizophrenia, had "significant and enduring" patterns of behaviors suggesting personality disorder, and exhibited psychotic behaviors despite being on medication.  Tr. 400-05.  Dr. Dees opined Mr. Montano's "ability to abstract was mildly impaired," his fund of knowledge was markedly impaired, and his ability to learn was moderately impaired.  *Id.* Mr. Montano could complete simple and complex instructions but would have difficulty with more complex tasks "due to mood instability, paranoia, poor impulse control, and psychosis."  Tr. 405.  Mr. Montano had "limited coping resources," poor reality testing, and difficulty managing stressors. *Id.* Dr. Dees assigned Mr. Montano a Global Assessment of Functioning score of 35-40.  *Id.*

The ALJ assigned "greater weight" to the portion of Dr Dees's medical opinion concerning cognitive functioning, but accorded the remainder of his opinion only "little weight," because "Dr. Dees relied on the claimant's [non-credible] subjective complaints."  Tr. 20.  The ALJ failed to provide a legitimate basis supported by substantial evidence for rejecting the doctor's opinions.  As Mr. Montano correctly notes, in evaluating him, Dr. Dees reviewed medical records and a Function Report, conducted a Mental Status Examination, and recorded his own observations.  Dkt. 14 at 6; *see also* Tr. 400-05.  The ALJ failed to provide any basis for concluding, without explanation, that Dr. Dees disregarded his own clinical observations and analysis in favor of Mr. Montano's subjective

reporting.  Accordingly, substantial evidence does not support the ALJ's finding that Dr. Dees relied on Mr. Montano's self-reports, to the exclusion of objective findings.  *Cf. Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ "may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible").  Additionally, an ALJ does not provide valid reasons for rejecting an examining physician's opinion "by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."  *Ryan v. Comm'r, Soc. Sec. Admin*., 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

In sum, the ALJ did not provide legitimate reasons based on substantial evidence to reject the opinion of Dr. Dees.  The error was not harmless because there is a potential likelihood that the functional limitations Dr. Dees opined— particularly Mr. Montano's limited coping resources, poor reality testing, and inability to manage stressors—were not factored into Mr. Montano's RFC. On remand, the ALJ shall reevaluate Dr. Dees's opinion, and as necessary, Mr. Montano's maximum RFC and steps four and five of the evaluation process.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings.  On remand, the ALJ should reevaluate Dr. Dees's opinion, and as necessary, reevaluate Mr. Montano's maximum RFC and steps four and five of the evaluation process.

A proposed order accompanies this Report and Recommendation.  Objections, if any, to this Report and Recommendation must be filed and served no later than **November 13, 2014**.  If no objections are filed, the matter will be ready for the Court's consideration on **November 14, 2014**.  If objections are filed, any response is due within 14 days after being served with the

REPORT AND RECOMMENDATION - 4

1   objections.  A party filing an objection must note the matter for the Court's consideration 14

2   days from the date the objection is filed and served.  Objections and responses shall not exceed

3   twelve pages.  The failure to timely object may affect the right to appeal.

4       DATED this 30th day of October, 2014.

5

6

7   BRIAN A. TSUCHIDA
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 5